# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SENIORLINK INCORPORATED,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>BETH LANDRY,<br><br>Defendant and Counterclaim-Plaintiff. | Civil Action No. 19-cv-11248-DJC |

**[PROPOSED] SENIORLINK INCORPORATED'S REPLY IN FURTHER SUPPORT OF ITS RENEWED MOTION FOR AN ASSESSMENT OF DAMAGES AND INJUNCTIVE RELIEF AND AWARD OF FEES, COSTS, PLUS STATUTORY INTEREST, OR, IN THE ALTERNATIVE, TO AMEND THE JUDGMENT**

Defendant and Counterclaim Plaintiff Beth Landry's ("Ms. Landry") Opposition is mostly a retread of arguments she first asserted in her September 30, 2021 opposition (Dkt. No. 163). Although these arguments were addressed in Plaintiff and Counterclaim Defendant Seniorlink Incorporated's ("Seniorlink") proposed Reply (Dkt. No. 164), out of an abundance of caution it will briefly reiterate the most important points of that filing because it was mooted by the Court's February 9, 2022 Order. Primarily, however, Seniorlink submits this brief Reply to respond to Ms. Landry's new arguments that this Court is without authority to order further briefing on Seniorlink's timely motion for damages, costs, and fees, that Seniorlink's attorneys' fees are not recoverable under Rule 54(d), and that Ms. Landry's erroneous understanding of the fee shifting provision supersedes the plain language of that term. Seniorlink also seeks to respond to Ms. Landry's spurious allegation of "double billing." None of these contentions has any merit.

## I. <u>The Court Had The Authority To Order Further Briefing On Seniorlink's Motion For Assessment Of Damages, Fees, And Costs</u>

With respect to the Ms. Landry's contention that Seniorlink is "not allowed . . . to submit or supplement papers, arguments, or exhibits, in Dkt. No. 173 and Dkt. No. 174" because, in Ms. Landry's view, *Fed. R. Civ. P.* 6 does not permit extensions of the deadline to file motions under Rule 59(e), Ms. Landry appears to misunderstand the procedural history of this motion. Seniorlink has not, at any time, sought to extend the deadline for submitting its motion for damages, costs, and fees. Rather, Seniorlink timely filed its motion under Rules 54 and 59(e) on September 16, 2021, 14 days after judgment entered on the parties' respective motions for summary judgment. As a result of this Court's February 9, 2022 Order, Seniorlink was permitted "to refile a motion for damages, fees and/or costs (with supporting memorandum, not to exceed 15 pages), bill of costs and renew its motion for amendment of judgment" if the parties could not resolve their disputes. That is all it has done. Thus, *Fed. R. Civ. P.* 6 is not implicated by Seniorlink's renewed motion.

## II. <u>The Non-Solicitation Agreement Has A Prevailing Party Provision That Allows Seniorlink To Recover Its Fees Under Rule 54(d)</u>

With respect to Ms. Landry's claim that the fee-shifting provision in the Non-Solicitation Agreement is not a "prevailing party" contractual provision, she is simply mistaken. Ms. Landry cites no support for her claim that a prevailing party provision cannot be one-sided. In fact, courts have repeatedly upheld one-sided fee shifting provisions. *See, e.g., Allied Indus. Scrap, Inc. v. Omnisource Corp.*, 776 F.3d 452, 453 (6th Cir. 2015) (holding under Ohio law one-sided fee shifting provisions are generally enforceable); *Makreas v. First Nat'l Bank of N. Cal.*, 2014 U.S. Dist. LEXIS 79664, *22, (N.D. Cal. June 8, 2014) (finding that under California law "the court gives effect to an attorney's fee provision whether an action is commenced by the obligor or the

obligee, even if the provision as written is one-sided or unilateral"); *Mayoza v. Heinold Commodities, Inc.*, 1988 U.S. Dist. LEXIS 11094, *2-6 (N.D. Ill. Oct. 3, 1988) ("We find that the mere fact that the [prevailing party] provision was one-sided does not render the contract unreasonable or unconscionable."). Under Massachusetts law, "[w]hen a contractual fee provision is included by the parties, the question of what fees are owed is ultimately one of contract interpretation, and [the court's] primary obligation is simply to honor the agreement struck by the parties." *AccuSoft Corp. v. Palo*, 237 F.3d 31, 61 (1st Cir. 2001). Here, there is no question that the Non-Solicitation Agreement contains a unilateral prevailing-party provision in favor of Seniorlink.

"[T]he distinction between a claim for attorney's fees based on a prevailing party provision and attorney's fees based on a breach of contract is said to turn on the condition precedent to recovery. When a party seeks attorney's fees pursuant to a prevailing party provision, the condition precedent to recovery is 'the successful litigation of a claim.'" *See Rockland Trust Co. v. Computer Associated Int'l, Inc.*, Case No. 95-11683-DPW, 2008 U.S. Dist. LEXIS 61687, *17, 2008 WL 3824791 (D. Mass. Aug. 1, 2008). The relevant "Irreparable Harm; Attorney's Fees" provision states, in pertinent part, "[i]n addition to all other relief to which the Company shall be entitled, the Company shall be entitled to recover from the Covered Person all litigation costs and attorney's fees in any action or proceeding relating to this Agreement ***in which the Company prevails in any respect***, including but not limited to, any action or proceeding in which the Company seeks enforcement of this Agreement or seeks relief from the Covered Person's violation of this Agreement." Thus, prevailing in the litigation, which Seniorlink has now done, is a "condition precedent to recovery."

Ms. Landry contends that this provision requires a breach determination to be enforceable.

But that simply reflects her misunderstanding of the plain language of the term. Under the provision, if Ms. Landry brings an action against Seniorlink under the Non-Solicitation Agreement and Seniorlink prevails, Seniorlink is entitled to its fees.[1] That is, of course, exactly what has occurred in this matter, as Ms. Landry asserted a claim for breach of the Non-Solicitation Agreement in her Counterclaim.

In attempting to bolster her misunderstanding of the prevailing party provision, Ms. Landry also misreads the *Cognitive Edge* decision. Although the court found that "Plaintiff's legal fees incurred in contacting Defendants' counsel and having the original website modified and in obtaining the temporary restraining order and preliminary injunction were reasonable post-breach expenditures made in mitigating the breach and are awarded as damages," it found that the remaining fees incurred in the litigation after that point were a collateral matter to be determined following adjudication of the relevant claims. *See Cognitive Edge PTE Ltd. v. Code Genesys, LLC*, 2021 U.S. Dist. LEXIS 129584, *49 (D. Mass. January 19, 2021) ("As Plaintiff was not required to seek these additional fees as an element of damages, and instead seeks fees incurred after June 30, 2020, as the prevailing party on the breach of contract claim, Plaintiff may do so in a Rule 54(d)(2) motion."). That is precisely why Seniorlink, citing to *Cognitive Edge*, argues in its motion that the $33,738.30 in attorneys' fees that it incurred prior to filing suit could be recoverable as damages but the vast majority of its fees are a collateral matter.

[1] Ms. Landry also resorts to counting the number of times the word "breach" is used in the "Irreparable Harm; Attorney's Fees" provision. But each of those references appear in the section discussing the equitable relief available to Seniorlink for its irreparable harm and the indemnification section discussing Seniorlink's remedies for actions brought by third parties. The word "breach" does not appear in the prevailing party section of the provision.

## III. The Prevailing Party Provision In The Non-Solicitation Agreement Is Not Governed, Let Alone Barred, By Delaware Law

In attempting to argue that Delaware law prohibits fee-shifting provisions with respect to claims involving internal corporate affairs, Ms. Landry once again mischaracterizes the holding of *Solak v. Sarowitz*, which simply holds that "***bylaws*** may not contain any provision that would impose liability on a stockholder for the attorneys' fees or expenses of the corporation or any other party in connection with an internal corporate claim, as defined in §115 of this title." 153 A.3d 729 (Del. Ch. 2016) (emphasis added). Here, Ms. Landry does not even allege that Seniorlink's bylaws contain such a provision. Moreover, Seniorlink is not seeking fees under its bylaws. Rather, it is entitled to fees under the Non-Solicitation Agreement, which is governed by Massachusetts law. Seniorlink's entitlement to attorney's fees does not implicate Delaware law.

Finally, Ms. Landry is relying on a Delaware law that only pertains to fee-shifting against stockholders with respect to claims relating to "internal corporate claims." *See Solak*, 153 A.3d 732-733. As this Court ruled in denying Ms. Landry's Motion for Summary Judgment as to her counterclaims, Ms. Landry was not a stockholder and therefore her claims are not properly categorized as "internal corporate claims." See Docket 156, Decision, pg. 20.

## IV. The Prevailing Party Provision In The Non-Solicitation Agreement Is Unambiguous And Ms. Landry's Subjective Misunderstanding Of Its Terms Is Irrelevant

Ms. Landry argues without any support that the fee-shifting provision is a contract of adhesion and should not be enforced by this Court. As a preliminary matter, Ms. Landry is once again trying to argue the validity of a contract that this Court has already deemed enforceable. These arguments, which she raised in opposition to Seniorlink's motion for summary judgment, remain meritless. Moreover, as a restrictive covenant, the Non-Solicitation Agreement is by design intended to benefit Seniorlink and to protect its business interests. As this Court expressly

acknowledged in its Memorandum awarding Summary Judgment, "the public interest is served by enforcing contractual obligations, including reasonable restrictive covenants, between consenting parties." *See* Docket 156, Decision, pg. 17, *quoting SimpliVity Corp. v. Bondranko*, 204 F. Supp. 3d 340, 351 (D. Mass. 2016). To be sure, Ms. Landry fully consented to the Non-Solicitation Agreement and, in exchange, she received lucrative employment and bonus payments, as well as access to Seniorlink's talent and the goodwill of its employees.

Leaving aside the law of the case, contractual fee shifting provisions are routinely upheld by Massachusetts courts. *See, e.g., Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co.*, 445 Mass. 411 (2005); *McGrath v. Mishara*, 386 Mass. 74 (1982).

Ms. Landry attempts to slip the bonds of the summary judgment record and law of the case by submitting an affidavit purporting to reflect what she did and did not understand about the prevailing party provision and, more shocking still, speculate about what she would have done had she understood its terms. This post-judgment "evidence" should be discarded both as untimely and because a party's subjective understanding of unambiguous language is irrelevant. Ms. Landry's untimely declaration is odds with her deposition testimony, in whichMs. Landry admitted that she was aware of the attorney's fees provision and the potential impact if Seniorlink prevailed in any respect. In any case, contract interpretation is a question of "manifested meaning, not a privately held belief or intent of one party . . . [left uncommunicated] to other parties to the bargain." *Donoghue v. IBC USA (Publications), Inc.*, 70 F.3d 206, 212 (1st Cir. 1995); *See In re Newport Plaza, Associates, L.P.*, 985 F.2d 640, 646 (1st Cir. 1993) (contracts depend upon "objective indicia of consent, not on a party's subjective expectations").[2] The fee-shifting

[2] This line of authority is especially compelling under the circumstances of this case, where Ms. Landry's subjective understanding of her non-solicitation obligations has been adjudicated to be wrong.

provision is unambiguous and so it does not matter whether Ms. Landry appreciated its full scope.

## V. Ms. Landry's Insinuations of Double Billing Are Unfounded

Ms. Landry contends that Seniorlink's attorneys' fees request is "illegal" although she does not explain what she means by that. In support of her argument against Seniorlink's fee request, Ms. Landry submits an affidavit of her counsel, Paul Nevins, who purports to have conducted an "analysis" of the itemized bills presented by Seniorlink and created six categories for reducing or denying fee submission "based upon controlling federal and Massachusetts law," which he does not provide. Mr. Nevins labels his second category "Evidence of double billing" and provides numerous instances in which identical time entries appear on the bills for both the Non-Solicitation and Counterclaim Defense matters. This characterization was quite surprising as counsel for Seniorlink had repeatedly disclosed to Ms. Landry's counsel that it was dividing its time between an insured and non-insured matter number, because some of fees were covered by insurance and some were not, and that for tasks that were relevant to both Seniorlink's Complaint and Ms. Landry's Counterclaim that counsel for Seniorlink was dividing its time equally.[3]

On March 27, 2022, counsel for Seniorlink raised with counsel for Ms. Landry that the characterization of "double billing" created a risk of misleading the Court and fell short of Mr. Nevins' duty of candor. In an effort to resolve this issue short of briefing, Seniorlink proposed that Mr. Nevins add a curative footnote stating "counsel for Seniorlink have represented that they split their time between the non-insured and insured matters for tasks that were relevant to both its

[3] There are two entries from January 11 and 12, 2021 reflecting counsel's work opposing Ms. Landry's motion to strike, which were inadvertently billed only to the insurance matter in two identical entries. One of the entries for each day was supposed to have been billed to the non-solicitation matter, but this error did not amount to double billing as counsel had correctly accounted for the total time spent on these tasks. Notably, this error benefited Ms. Landry as the fees were less than they should have been, in light of the different billing rates applied to the two matters.

claims and Landry's counterclaims. Counsel for Landry does not have sufficient information to independently confirm this practice for every instance in which identical time entries appear for both the insured and non-insured matters." Counsel for Ms. Landry rejected this proposal, bafflingly contending that such a footnote was tantamount to "asking us to take your word as gospel, and not to question it." *See* Exhibit 1. In any case, counsel for Seniorlink's practice of equally splitting its time on tasks attributable to both its Complaint and Ms. Landry's Counterclaim was reasonable and under no circumstances constituted "double billing." *See Kohn v. Barker*, 2007 Mass. Super. LEXIS 247, *12, 22 Mass. L. Rep. 451 (Mass. Super. Ct. Apr. 4, 2007) (defining "double billing" as "two attorneys charging two cases for a single piece of work").

## VI. Seniorlink Is Entitled To Recover Its Costs

In arguing that Seniorlink is not entitled to statutory interest, Ms. Landry once again misconstrues the holding of *Sterilite Corp. v. Cont'l Cas. Co.*. 397 Mass. 837, 494 (Mass. 1986). In *Sterilite*, the Supreme Judicial Court did not opine that statutory interest was inappropriate in a breach of contract claim. *Id.* Rather, the SJC remanded the case back to the trial court to make specific findings with respect to the date of the operative breach under a unique set of circumstances to avoid a windfall to the plaintiff. *Id.*

## CONCLUSION

WHEREFORE, Seniorlink requests that its motion for an assessment of damages and injunctive relief and award of fees, costs, plus statutory prejudgment interest, or, in the alternative, to amend the judgment, be allowed.

Respectfully submitted,

SENIORLINK INCORPORATED

By its attorneys,

______________________________

Erik J. Winton (BBO# 600743)
Benjamin Davis (BBO# 673017)
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025
Erik.winton@jacksonlewis.com
Benjamin.Davis@Jacksonlewis.com

Dated: April ___, 2022

**CERTIFICATE OF SERVICE**

This hereby certifies that on this ___ day of April 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

______________________________

Jackson Lewis P.C.

4869-8160-8730, v. 3

# EXHIBIT 1

**From:** Ilir Kavaja <Ilir@kavajalaw.com>
**Sent:** Wednesday, March 30, 2022 5:00 PM
**To:** Davis, Benjamin R. (Boston); Winton, Erik J. (Boston)
**Cc:** Paul Nevins, Esq.
**Subject:** RE: Declaration

**[EXTERNAL SENDER]**

Benjamin,

First, you have yet to inform us based upon what rule you intend to move. Yesterday, during our "conference", you stated that you were unsure whether Rule 11 or Rule 12, or some other rule would or could be involved, or whether there is an inherent power of the Court that you would be invoking. Without knowing which procedural rule you intend to move under, we cannot meaningfully prepare and discuss any possible narrowing of the issue(s) with you, as we do not know which standards apply. When you do have a clear understanding of how you are going to move, please let us know and we will be happy to confer with you based on the burdens and standards of the rule you may deem applies.

Second, we have no idea whether the substance of what you and Erik claim to have stated during our settlement calls is true or not. The fact is that neither of you attested under oath that you split time equally between insurance and non-insurance tasks. The absence of such attestation/declaration makes us skeptical and unsure of the veracity of your claim. Certainly, "puffery" is part and parcel of negotiations between attorneys, and, arguendo, no one could blame you if you engaged in such "puffery".

Furthermore, during our settlement calls, you stated that you billed the insurance company for insurance related work and that you billed Seniorlink separately for work that was not covered by insurance. However, the alleged "equal splitting" of time was not discussed. Therefore, we cannot, in good faith, make that statement to the Court in a signed pleading/paper that you want us to submit. That, in itself, might mislead the Court.

Note that you are now asking us to take your word as gospel, and not to question it. You are asking us to make your argument for you and carry your burden of proof for you. That, we will not do.

Lastly, clearly, Paul made scriveners' errors in the dates of his certificate of service and signature to his affidavit/declaration. Correcting the date should not be an issue, so please, let us know if you have an issue if we ask the court/clerk to substitute his affidavit with a version containing the corrected date.

Ilir

Kavaja Law, P.C.

92 State Street, 8th Floor | Boston, MA 02109

T: 617-515-5545 | f: 617-766-6981

ilir@kavajalaw.com | www.kavajalaw.com

"JUSTITIA NEMINI NEGANDA EST"
Justice denied to no one

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, be aware that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

STATEMENT OF CONFIDENTIALITY:

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Ilir Kavaja of Kavaja Law immediately at either (617) 515-5545 or at ilir@kavajalaw.com and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying me.

---

**From:** Davis, Benjamin R. (Boston) <Benjamin.Davis@jacksonlewis.com>
**Sent:** Tuesday, March 29, 2022 8:23 PM
**To:** Paul Nevins, Esq. <paulnevins@plnevinslaw.com>; Winton, Erik J. (Boston) <Erik.Winton@jacksonlewis.com>
**Cc:** Ilir Kavaja <Ilir@kavajalaw.com>
**Subject:** RE: Declaration

Paul,

Following up on our discussion today, we propose the following curative footnote be added in an appropriate section of either your declaration or opposition memorandum:

"counsel for Seniorlink have represented that they split their time between the non-insured and insured matters for tasks that were relevant to both its claims and Landry's counterclaims. Counsel for Landry does not have sufficient information to independently confirm this practice for every instance in which identical time entries appear for both the insured and non-insured matters."

If this or substantially similar language is added to a substitute document, we will not move to strike your false and misleading claim of "double billing." Please let us know by COB tomorrow.

Ben




**Benjamin R. Davis**
Attorney at Law

**Jackson Lewis P.C.**
75 Park Plaza 4th Floor
Boston, MA 02116
Direct: 617-305-1296 | Main: (617) 367-0025
Benjamin.Davis@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Paul Nevins, Esq. <paulnevins@plnevinslaw.com>
**Sent:** Tuesday, March 29, 2022 10:39 AM
**To:** Davis, Benjamin R. (Boston) <Benjamin.Davis@jacksonlewis.com>; Winton, Erik J. (Boston) <Erik.Winton@jacksonlewis.com>

**Cc:** ilir@kavajalaw.com
**Subject:** RE: Declaration

[EXTERNAL SENDER]

Ben,

2:00 pm is fine for me, too. However, since you are the party requesting the conference, would you explain to me – in anticipation of our conference - precisely what kind of motion you intend to file?

Paul

Law Office of Paul L. Nevins
92 State Street, 8th Floor
Boston, MA 02109
T: (617) 372-9890
F: (617) 372-9891

Author of *The Politics of Selfishness: How John Locke's Legacy is Paralyzing America*. Greenwood/Praeger Books/ABC-CLIO. September, 2010. Order on-line from http://www.amazon.com, http://www.barnesandnoble.com and http://ABC-CLIO.com and through independent book sellers. Available in hardback and in Kindle and ebook editions. For more information about the book and its author visit http://www.politicsofselfishness.com.

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, be aware that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

STATEMENT OF CONFIDENTIALITY:

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Paul Nevins immediately at either (617) 372-9890 or at paulnevins@plnevinslaw.com and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in the notification process.

---

**From:** Davis, Benjamin R. (Boston) <Benjamin.Davis@jacksonlewis.com>
**Sent:** Monday, March 28, 2022 2:57 PM

**To:** Paul Nevins, Esq. <paulnevins@plnevinslaw.com>; Winton, Erik J. (Boston) <Erik.Winton@jacksonlewis.com>
**Cc:** ilir@kavajalaw.com
**Subject:** Re: Declaration

We can talk about it tomorrow afternoon. 2 works for me. Thanks.




**Benjamin R. Davis**
Attorney at Law

**Jackson Lewis P.C.**
75 Park Plaza 4th Floor
Boston, MA 02116
Direct: 617-305-1296 | Main: (617) 367-0025
Benjamin.Davis@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Paul Nevins, Esq. <paulnevins@plnevinslaw.com>
**Sent:** Monday, March 28, 2022 2:53:22 PM
**To:** Davis, Benjamin R. (Boston) <Benjamin.Davis@jacksonlewis.com>; Winton, Erik J. (Boston) <Erik.Winton@jacksonlewis.com>
**Cc:** ilir@kavajalaw.com <ilir@kavajalaw.com>
**Subject:** RE: Declaration

**[EXTERNAL SENDER]**

Ben,

In response to your concern,  I believe that I have complied with all of my ethical obligations based upon my review of the declaration for attorneys' fees that Erik submitted to the court. .Mea culpa  for my having omitted Erik from the previous thread.

Also, upon review, I discovered that the date of my affidavit and  certificate of service are incorrect.  Do I have your permission to submit a  corrected cop of the last page of my declaration to  the court?

Best regards,
Paul

Law Office of Paul L. Nevins
92 State Street, 8th Floor
Boston, MA 02109
T: (617) 372-9890
F: (617) 372-9891

Author of *The Politics of Selfishness: How John Locke's Legacy is Paralyzing America*. Greenwood/Praeger Books/ABC-CLIO. September, 2010. Order on-line from http://www.amazon.com, http://www.barnesandnoble.com and http://ABC-CLIO.com and through independent book sellers. Available in hardback and in Kindle and ebook editions. For more information about the book and its author visit http://www.politicsofselfishness.com.

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, be aware that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

STATEMENT OF CONFIDENTIALITY:

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Paul Nevins immediately at either (617) 372-9890 or at paulnevins@plnevinslaw.com and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in the notification process.

---

**From:** Davis, Benjamin R. (Boston) <Benjamin.Davis@jacksonlewis.com>
**Sent:** Monday, March 28, 2022 2:25 PM
**To:** Paul Nevins, Esq. <paulnevins@plnevinslaw.com>
**Cc:** ilir@kavajalaw.com; Winton, Erik J. (Boston) <Erik.Winton@jacksonlewis.com>
**Subject:** RE: Declaration

Paul,

The basis of our concern is that you have misleadingly omitted from your discussion of supposedly duplicative billing our repeated disclosure to you that for certain tasks we split the billing evenly between the insured and non-insured matters. Also, please stop dropping Erik from this thread.

Ben




**Benjamin R. Davis**
Attorney at Law

**Jackson Lewis P.C.**
75 Park Plaza 4th Floor
Boston, MA 02116
Direct: 617-305-1296 | Main: (617) 367-0025
Benjamin.Davis@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Paul Nevins, Esq. <paulnevins@plnevinslaw.com>
**Sent:** Monday, March 28, 2022 10:11 AM
**To:** Davis, Benjamin R. (Boston) <Benjamin.Davis@jacksonlewis.com>

**Cc:** ilir@kavajalaw.com
**Subject:** RE: Declaration

[EXTERNAL SENDER]

Ben

I am available tomorrow afternoon between 2:00pm-5:oo pm. In order to have a meaningful and productive conference, it would be
helpful if you were to disclose to me beforehand the particulars of any alleged breach of my duty of candor to the court as set forth in my declaration.

Best regards,
Paul

Law Office of Paul L. Nevins
92 State Street, 8th Floor
Boston, MA 02109
T: (617) 372-9890
F: (617) 372-9891

Author of *The Politics of Selfishness: How John Locke's Legacy is Paralyzing America*. Greenwood/Praeger Books/ABC-CLIO. September, 2010. Order on-line from http://www.amazon.com, http://www.barnesandnoble.com and http://ABC-CLIO.com and through independent book sellers. Available in hardback and in Kindle and ebook editions. For more information about the book and its author visit http://www.politicsofselfishness.com.

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, be aware that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

STATEMENT OF CONFIDENTIALITY:

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Paul Nevins immediately at either (617) 372-9890 or at paulnevins@plnevinslaw.com and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in the notification process.

**From:** Davis, Benjamin R. (Boston) <Benjamin.Davis@jacksonlewis.com>
**Sent:** Sunday, March 27, 2022 9:26 AM
**To:** Paul Nevins, Esq. <paulnevins@plnevinslaw.com>
**Cc:** Ilir Kavaja <Ilir@kavajalaw.com>; Winton, Erik J. (Boston) <Erik.Winton@jacksonlewis.com>
**Subject:** Declaration

Paul,

I am concerned your declaration falls short of your duty of candor obligations. When are you available to confer?

Ben




**Benjamin R. Davis**
Attorney at Law

**Jackson Lewis P.C.**
75 Park Plaza 4th Floor
Boston, MA 02116
Direct: 617-305-1296 | Main: (617) 367-0025
Benjamin.Davis@jacksonlewis.com | www.jacksonlewis.com